

# CRIMINAL MINUTES ARRAIGNMENT
## ATLANTA DIVISION

DATE: 11/29/04          TIME: 11:10 pm

HONORABLE THOMAS W. THRASH, PRESIDING

Sheila Sewell, Deputy Clerk                    Darla Coulter, Court Reporter

CASE NO. 1:04cr196-02-TWT          DEFENDANT: BRIDGETTE GREEN

AUSA: Gale McKenzie                DEFENDANT ATTORNEY: Mildred Dunn

**Plea agreement, filed.**

    Interpreter sworn -

    X Defendant informed of rights

    X Defendant enters plea of **GUILTY** counts 5 & 9

    Defendant enters plea of **NOLO CONTENDERE** counts

    X Sentencing set for 1/21/05

Copies of notice to: X deft., X Cnsl., X USA, X USM, X USPO, Surety

    X    Defendant to remain on release under same terms and conditions.

    X    Government to dismiss remaining counts at sentencing.

Court adjourned at 11:40 a.m. as to this case.

                                      **TIME SPENT IN COURT:   HR. 30 MIN.**


**ORIGINAL**

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRIMINAL NO. 1:04-CR-196-TWT-02

BRIDGETTE ROCHELLE GREEN, defendant, having received a copy of the above-numbered Indictment, hereby pleads GUILTY to Counts Five and Nine thereof. Upon imposition of sentence, the government will move to dismiss the remaining counts of this indictment as to this defendant. The defendant, her counsel, and the United States Attorney for the Northern District of Georgia ("the Government"), as counsel for the United States, subject to approval by the Court, have agreed upon a negotiated plea in her case, the terms of which are as follows:

1. The defendant admits that she is pleading guilty because she is, in fact, guilty of the crimes charged in her Criminal Indictment.

The defendant understands that by pleading guilty, she is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the defendant would have the right to an attorney, and if the defendant could not afford an attorney, the Court would appoint one to represent the defendant. During the trial, the defendant would be presumed innocent and the Government would have the burden of proving her guilty beyond a reasonable doubt. The defendant would have the right to confront and cross-examine the witnesses against her. If the defendant wished, she could testify on her own behalf and present evidence in her defense, and she could subpoena witnesses to testify on her behalf. If, however, the defendant did not wish to testify, that fact could not be used against her. If the defendant were found guilty after a trial, she would have the right to appeal the conviction. The defendant understands that by pleading guilty, she is giving up all of these rights and there will not be a trial of any kind. The defendant also understands that she ordinarily would have the right to appeal her sentence and, under some circumstances, to attack the sentence in post conviction proceedings. By entering this Plea Agreement, the defendant may be waiving some or all of those rights to appeal or collaterally attack her sentence, as specified below. Finally, the defendant understands that, to plead guilty, she may have to answer questions posed to her by the

Court concerning the rights that she is giving up and the facts of this case, and the defendant's answers, if untruthful, may later be used against her in a prosecution for perjury or false statements.

2. The defendant understands that, based on her plea of guilty, she will be subject to the following maximum and mandatory minimum penalties on each of Counts Five and Nine:

COUNT FIVE AND NINE

(a) Maximum term of imprisonment: 5 years;

(b) Mandatory minimum term of imprisonment: NONE

(c) Term of supervised release: 3 years

(d) Maximum fine: $250,000

(e) Full restitution to all victims of the offenses and relevant conduct

(f) Mandatory special assessment: $100.00

3. The defendant understands that, before imposing sentence in this case, under the current Eleventh Circuit case law, the Court will be required to consider the provisions of the United States Sentencing Guidelines but may depart from those guidelines under some circumstances and may impose a sentence up to and including the maximum. The defendant also understands that no one can predict her exact sentence at this time.

4. The Government will recommend that the defendant receive the maximum adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines and that she be sentenced at the lowest end of the applicable guideline range. However, the Government will not be required to recommend acceptance of responsibility or sentencing at the low end of the guideline range if the defendant engages in conduct inconsistent with these recommendations. Thus, by way of example only, should the defendant falsely deny or falsely attempt to minimize her involvement in relevant offense conduct, give conflicting statements about her involvement, fail to pay the special assessment, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to make either of these recommendations.

5. The defendant agrees to pay full restitution to all victims of the offenses to which she is pleading guilty and any relevant conduct. The defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing. The defendant also agrees to cooperate fully in the investigation of the amount of restitution and the identification of victims and

other coconspirators who may be also subject to such restitution upon conviction. The defendant understands that restitution is mandatory in this case and that the court will impose full restitution regardless of the defendant's financial resources, although such restitution may be imposed jointly and severally with other defendants convicted on related charges.

6. The defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victims. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. The defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the Government deems appropriate.

7. The defendant agrees that, <u>before</u> the date of sentencing, she will pay a special assessment in the amount of $200.00 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303. The defendant agrees to bring proof of such payment to the sentencing hearing.

8. The Government recommends and the defendant agrees as follows:

(a) The relevant conduct or loss in this case is between $400,000 and $1,000,000.

(b) The offense involved identifications unlawfully produced in stolen identities.

(c) The defendant was a Loan Originator employed by a licensed mortgage brokerage firm when she submitted the fraudulent loan packages which constitute the present offenses to the victim lenders.

9. The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in the Plea Agreement, the Government also reserves the right to make recommendations regarding application of the Sentencing Guidelines.

10. With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of

the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of the Plea Agreement.

11. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal her sentence and the right to collaterally attack her sentence in any post conviction proceeding on any ground, except that the defendant may file a direct appeal of an upward departure from the otherwise applicable sentencing guideline range. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of her sentence.

12. The defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement or otherwise discussed between the parties are not binding on the Court and that the Court's failure to accept one or more of the recommendations will not constitute grounds to withdraw her guilty plea or to claim a breach of her Plea Agreement.

13. There are no other agreements, promises, representations, or understandings between the defendant and the Government.

In Open Court this 29th day of November, 2004.

_____
SIGNATURE (Attorney for Defendant)
MILDRED DUNN

_____
SIGNATURE (Defendant)
BRIDGETTE ROCHELLE GREEN

_____
SIGNATURE (Assistant U.S. Attorney)
GALE McKENZIE

_____
SIGNATURE (Approving Official)
WILLIAM L. McKINNON, JR.

11/23/04
DATE

    I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in any post conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____
SIGNATURE (Defendant)
BRIDGETTE ROCHELLE GREEN

11/29/04
DATE

    I am BRIDGETTE ROCHELLE GREEN's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary

5

decision to plead guilty and to enter into the Plea Agreement.

_____   DATE  11/29/04
SIGNATURE (Defense Attorney)
MILDRED DUNN

INFORMATION BELOW MUST BE TYPED OR PRINTED

MILDRED DUNN                                BRIDGETTE ROCHELLE GREEN
NAME (Attorney for Defendant)               NAME (Defendant)

100 Peachtree Street, Suite 1710            _____
STREET                                      STREET

Atlanta, GA 30303                           _____
CITY & STATE   ZIP CODE                     CITY & STATE   ZIP CODE

PHONE NUMBER 404-688-7530                   PHONE NUMBER _____

STATE BAR OF GEORGIA NUMBER 323373

Filed in Open Court

FILED IN OPEN COURT
U.S.D.C. Atlanta

By _____ NOV 2 9 2004 _____

LUTHER D. THOMAS, Clerk
By _____
Deputy Clerk

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | 1:04-CR-196-TWT-02 |
| DEFENDANT'S NAME: | BRIDGETTE ROCHELLE GREEN |
| PAY THIS AMOUNT: | $200.00 |

INSTRUCTIONS:

1. MAKE CHECK OR MONEY ORDER PAYABLE TO:
   *CLERK OF COURT, U.S. DISTRICT COURT*

2. PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE

3. PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

   Clerk of Court, U.S. District Court
   2211 U.S. Courthouse
   75 Spring Street S.W.,
   Atlanta, Georgia 30303
   (Do not Send Cash)

4. INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER

5. ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT

6. BRING PROOF OF PAYMENT TO THE SENTENCING HEARING