# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                        **Case No.  1:04cr196-02-TWT**

**BRIDGETTE ROCHELLE GREEN**

                                                            **Defendant's Attorney:**
                                                            **Mildred G. Dunn**

---

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to Count(s) 5 and 9 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC §§1343  2 | Wire Fraud | 5 & 9 |

The defendant is sentenced as provided in pages 2 through    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) remaining are dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of **$ 200.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.        ***-**-5449                 Date of Imposition of Sentence: May 9, 2005
Defendant's Date of Birth:        1970
Defendant's Mailing Address:
13456 Aventide Lane
Alpharetta, Ga. 30004

                                                    Signed this the 17th  day of May, 2005.


                                                    /s/Thomas W. Thrash
                                                    Thomas W. Thrash
                                                    UNITED STATES DISTRICT JUDGE

1:04cr196-02-TWT : BRIDGETTE ROCHELLE GREEN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **37 months on each of Counts Five and Nine, to be served concurrently**.

The Court recommends to the Bureau of Prisons that the defendant be designated to the women's facility in Marianna Florida.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2:00 P.M. on a date determined by the Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By:_____

Deputy U.S. Marshal

1:04cr196-02-TWT : BRIDGETTE ROCHELLE GREEN

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall cooperated in the collection of DNA as directed by the probation officer, pursuant to 42 USC 14135a(d)(1) and 10 USC 1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses.

The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer and unless the defendant is in compliance with the installment payment  schedule.

The defendant shall not own, possess or have under his/her control any firearm, dangerous weapon or other destructive device.

The defendant shall submit to a search of his/her person, property, residence, place of business or employment, and/or vehicle(s) at th request of the United States Probation Officer.

1:04cr196-02-TWT : BRIDGETTE ROCHELLE GREEN

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1.      The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.      The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.      The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.      The defendant shall support his or her dependents and meet other family responsibilities;

5.      The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.      The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7.      The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8.      The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.      The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.     The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.     The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12.     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:04cr196-02-TWT : BRIDGETTE ROCHELLE GREEN

# FINE

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration.   The Court will waive the fine and cost of incarceration in this case.

# RESTITUTION

The restitution shall be due in full immediately.  The defendant shall make restitution payments from any wages earned in prison in accordance with the Bureau of Prisons Financial Responsibility Program.  Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of $200.00.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

It is further ordered that the defendant shall make restitution of $896,661.00, jointly and severally with the co-defendants in this case.

The defendant shall make restitution to the following victims in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| Old Republic Title<br>1105 Sanctuary Parkway<br>Suite 450<br>Alpharetta, GA 30004<br>Attn: Lisa Brown | $383,801.00 |
| Credit Suisse First Boston<br>Eleven Madison Avenue<br>New York, NY 10010-3629 | $226,556.00 |
| ABN AMRO Mortgage<br>135 South Lasalle St.<br>Chicago, IL 60603<br>Attn: Susan Markovich | $129,392.00 |
| Freddie Mac<br>8200 Jones Branch Drive<br>Mail Stop 202<br>MacLean, VA 22102<br>Attn: Lance Wolf | $   5,877.00 |
| Service First Mortgage, L.C.<br>4171 West Hillsboro Blvd.<br>Suite 10<br>Coconut Creek, FL 33073<br>Attn: Thomas Borys | $151,035.00 |

Any payments of the restitution shall be made to Clerk, U. S. District Court, Northern District of Georgia, 2211 U. S. Courthouse, 75 Spring Street, Atlanta, Georgia  30335.